BASF WYANDOTTE CORP. et al., Petitioners,

v.

Douglas M. COSTLE, As Administrator, Environmental Protection Agency, Respondent.

E. I. duPONT de NEMOURS AND CO. et al., Petitioners,

v.

Douglas M. COSTLE, As Administrator, Environmental Protection Agency, Respondent, two cases.

MONSANTO COMPANY, Petitioner,

v.

Douglas M. COSTLE, As Administrator, Environmental Protection Agency, Respondent, two cases.

DOW CHEMICAL COMPANY, Petitioner,

v.

Douglas M. COSTLE, As Administrator, Environmental Protection Agency, Respondent, two cases.

ELI LILLY AND COMPANY, Petitioner,

v.

Douglas M. COSTLE, As Administrator, Environmental Protection Agency, Respondent.

National Agricultural Chemicals Association, Intervenor.

Nos. 77–1042, 77–1059, 77–1085, 77–1153, 78–1417, 78–1428, 78–1454 and 78–1462.

United States Court of Appeals, First Circuit.

Jan. 31, 1980.

James W. Moorman, Asst. Atty. Gen., Land and Natural Resources Division, Donald W. Stever, Jr., Chief, Pollution Control Section, Paul M. Kaplow, Atty., U. S. Dept. of Justice, and Colburn T. Cherney, Atty., Environmental Protection Agency, Washington, D. C., on motion to dismiss and memorandum in support thereof, for respondent.

Douglas E. Kliever, John S. Magney, Mary Wild Ennis, and Cleary, Gottlieb, Steen & Hamilton, Washington, D. C., on memorandum in opposition to motion to dismiss, for petitioner, Diamond Shamrock Corp.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, MAZZONE, District Judge.*

* Of the District of Massachusetts, sitting by designation.

**22**

## OPINION OF THE COURT

COFFIN, Chief Judge.

In our prior opinion *BASF Wyandotte Corp. v. Costle*, 598 F.2d 637 (1st Cir. 1979), we identified two minor problems that required a remand for consideration by EPA. That consideration has taken place, the agency has filed its response to remand, a record on remand has been compiled, and briefs submitted. The first issue, that concerning the propriety of using Olin data in calculating the final effluent limits for pesticides, is no longer in controversy, a recalculation excluding such data having resulted in the same effluent limitations. We therefore uphold the final organic pesticide chemicals effluent limitations guidelines as written.

The second problem arose because of what we held to be EPA's erroneous impression that Diamond Shamrock, a producer of arsenic-based pesticides, had already achieved zero discharge of polluted waste water and the agency's consequent failure to consider "the total cost of application of technology in relation to the effluent reduction benefits to be achieved . . . and . . . the process employed, the engineering aspects of the application of various types of control techniques, process changes, [and] non-water quality environmental impact . . . ." 33 U.S.C. § 1314(b)(1)(B). In remanding, we recognized that "the consideration may be general, and EPA has considerable discretion to determine the scope of the investigation." 598 F.2d at 659.

The agency subsequently visited Diamond Shamrock's plant in Greens Bayou, Texas, reviewed treatment and disposal techniques practices in both the manufacturing and formulating segments of the industry, and concluded that one method, solar evaporation, could achieve the zero discharge limitation at a cost of less than $50,000 annually. This method involves the construction of a large basin or pond covered by a clear roof, which would keep out rain and minimize interference with evaporation.

Diamond Shamrock first charges that the solar evaporation scheme suggested by EPA exists only in theory and is unworkable. EPA counters by pointing to the fact that seven other pesticide manufacturers, some in areas with greater net precipitation over evaporation than Greens Bayou, as well as a substantial number of pesticide formulators use solar evaporation for their waste waters. EPA's suggested model was theoretical in the sense that no exact replica was in use, but it was based on the model used for the pesticide formulating industry, with modifications made to reflect information from Diamond Shamrock. While it is possible to make every adverse inference and conclude in advance that nothing will be feasible, such an approach would be the very opposite of the intent of Congress to "push pollution control technology". *Weyerhaeuser Co. v. Costle*, 191 U.S.App.D.C. 309, 359, 590 F.2d 1011, 1061 (D.C. Cir. 1978). Our review of the record convinces us that EPA was far from arbitrary in concluding that the solar evaporation approach could attain the objective.

Diamond Shamrock next attacks the agency's cost estimates, proffering its own annual figures of $131,700 or $183,500, the latter figure assuming termination of operations in five years. EPA had originally estimated annual costs of $39,000. After analyzing Diamond Shamrock's cost projections, it uped its estimate to $47,701. We have reviewed the reasoning of EPA in accepting or rejecting each of the elements in Diamond Shamrock's cost calculations. We have been impressed by the rational discrimination and even deference to the company on important items revealed by this review. We see no basis to set aside EPA's estimate.

Diamond Shamrock also claims that EPA ignored its mandate to consider the potential non-water quality environmental impacts of evaporation in failing to assess potential methanol emissions. EPA makes a fully adequate response in noting that Diamond Shamrock's maximum conceivable annual emission of methanol would be less than one fourth the amount which the Texas Air Control Board considers "significant".

The Administrator concluded his "Response to Remand" by evincing his satisfaction that the cost to Diamond Shamrock to achieve zero discharge is "acceptable" and that spending $50,000 a year to eliminate pollutants from 600,000 gallons of waste water is reasonable, "particularly when all other manufacturers in this subcategory have achieved zero discharge". We cannot say that this conclusion is arbitrary or not supported by the record. EPA has successfully carried out the responsibilities imposed on it by remand.

*The petitions for review are dismissed.*